UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:11-CV-00380-JHM**

**CHRISTY SPURLOCK**                                                                                      **PLAINTIFF**

**V.**

**CONNOLLY, INC.**                                                                                          **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff Christy Spurlock's motion for reinstatement of case and motion to set aside summary judgment [DN 32]. For the following reasons, the Court **DENIES** the Plaintiff's motion.

**I. BACKGROUND**

Plaintiff filed her Complaint in June of 2011 with Joseph D. Wibbels, Jr. listed as counsel for Plaintiff. In her Complaint, Plaintiff alleges that (1) Defendant interfered with her rights under the FMLA, (2) Defendant retaliated against her for exercising her right to leave under FMLA, and (3) Defendant discriminated against Plaintiff because of her gender in violation of the Kentucky Civil Rights Act. A scheduling order was put into place and the parties conducted discovery. In accordance with the scheduling order, Defendant filed its motion for summary judgment on May 30, 2012. Plaintiff requested an extension of time to file a response until July 23, 2012 [DN 26]. The extension was granted but Plaintiff failed to respond. In an Order dated October 17, 2012, this Court granted Defendant's motion for summary judgment finding that Plaintiff was unable to prove the elements of her claims. Plaintiff has now filed a motion to set aside summary judgment stating that her attorney failed to file a response, misrepresented to Plaintiff that he had filed a response, and is no longer in communication with her.

## II. STANDARD OF REVIEW

The Court interprets Plaintiff's motion as one under Federal Rule of Civil Procedure 60 for relief from a final order. Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered. Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988); McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 383 (6th Cir. 1991) (The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). While Plaintiff did not specify the grounds under which she seeks reconsideration of the Court's decision, Plaintiff's motion alleges circumstances which, when most liberally read, could be asserted either under Rule 60(b)(1) or 60(b)(6).

## III. DISCUSSION

Plaintiff filed her motion to reinstate the case and set aside summary judgment pro se. In her

motion, Plaintiff states that she was told by her attorney that he had filed a response to Defendant's motion for summary judgment. On October 17, 2012 her attorney, Joseph D. Wibbels, Jr. emailed her a copy of this Court's Judgment dismissing her case. Plaintiff has not heard from her attorney since and subsequently learned through her own investigation, that Wibbels never filed a response. As evidence, she has provided email communications with Wibbels in which he states he is filing a response. She now is requesting additional time to obtain new counsel or respond to the motion herself, pro se.

In response, Defendant opposes the motion to set aside because the conduct of Plaintiff and her attorney does not rise to "excusable neglect" under Fed. R. Civ. Pro. 60(b)(1). The Defendant states that "'[i]n determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability - that is, whether the neglect was excusable; (2) any prejudices to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" (Def. Resp. 3 [DN 33] (quoting Yeschick v. Mineta, 675 F.3d 622, 628-29 (6th Cir. 2012))). Defendant argues that Plaintiff was aware of her counsel's lack of communication in July but did not take any steps about the matter until November. Additionally, her attorney, Joseph Wibbels, has not provided an affidavit demonstrating negligence or any reasonable excuse, therefore Defendant reasons that Plaintiff has not proven excusable neglect. Next, Defendant contends that it would be unduly prejudiced if the motion was granted due to the considerable resources expended in order to conduct discovery and fully brief the court on the issues in the motion for summary judgment. Lastly, the Defendant states that Plaintiff has not asserted a meritorious claim. Since the Court has reviewed the record, which included sworn testimony, and issued an analysis in granting summary judgment, Defendant argues that Plaintiff does not challenge the analysis, or provide any new evidence which

would alter the Court's order.

As stated previously, Plaintiff's motion alleges circumstances which, when most liberally read, could be asserted either under Rule 60(b)(1) as a mistake, inadvertence, surprise or excusable neglect; or under 60(b)(6) for any other reasons justifying relief. Under Rule 60(b)(1) excusable neglect seems to be the most applicable to Plaintiff's situation. "In addressing a claim of excusable neglect in an attorney's failure to timely file a proof of claim in a bankruptcy proceeding, the Supreme Court stated the general rule that 'clients must be held accountable for the acts and omissions of their attorneys.'" McCurry ex rel. Turner v. Adventist Health System/Sunbelt Inc., 298 F.3d 586, 595 (6th Cir. 2002) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993). However, "the case law consistently teaches that out-and-out lawyer blunders - the type of action or inaction that leads to successful malpractice suits by the injured client - do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." Id. (quotation omitted); see also Pioneer, 507 U.S. at 394 (acknowledging that allegations of "inability to comply with earlier deadlines took [a] case outside the scope of 'excusable neglect' because neglect in the context of its subject matter carries the idea of negligence and not merely of non-action."); Reno v. International Harvester Co., 115 F.R.D. 6 (S.D. Ohio, July 17, 1986). The case at present involves non-action and the possible malpractice of Plaintiff's attorney. Therefore, the actions of Plaintiff's attorney do not fall under mistake, inadvertence, surprise or excusable neglect and the Court may not grant relief from a judgment under Rule 60(b)(1).

The next question for the Court is whether Wibbels' conduct is grounds for relief from a final judgment under Rule 60(b)(6). However, Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."

Hopper v. Euclid Manor Nursing Home, Inc. 867 F.2d 291, 294 (6th Cir. 1989)). "Courts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (quotation omitted).

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b) . . . . Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.

Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund., 249 F.3d 519, 524 (6th Cir. 2001) (citations omitted). The Court's discretion in granting a motion under Rule 60(b)(6) is "especially broad" and the "burden to establish that exceptional or extraordinary circumstances warrant the application of Rule 60(b)(6) falls upon the party requesting relief." Platinum Rehabilitation, Ltd. v. Platinum Home Health Care Services, LLC, 2012 WL 4461502, at * (N.D. Ohio, Sept. 25, 2012) (citing Hopper, 867 F.2d at 294.)

Plaintiff has failed to show that there is "something more" than the neglect of her attorney that would justify relief. Relief under Rule 60(b)(6) requires exceptional or extraordinary circumstances more than simple malpractice and Plaintiff has not shown any such circumstances. Thus, Plaintiff's motion for relief under Rule 60(b)(6) is denied as well**.**

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiff's motion for reinstatement of case/set-aside summary judgment [DN 32] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

February 11, 2013

cc: counsel of record